**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIEGO PERECHU, on behalf of
himself and others similarly situated,

                              Plaintiff,

    -against-

FLAUM APPETIZING CORP. d/b/a
FLAUM APPETIZING, and MOSHE
GRUNHUT and AVIRAM CHEN,
individually,

                              Defendants.
------------------------------------------------------------------------X

COMPLAINT

FLSA COLLECTIVE

ECF CASE

Plaintiff, Diego Perechu ("Perechu" or "Plaintiff"), on behalf of himself and all others similarly situated by his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of the Flaum Appetizing Corp. d/b/a Flaum Appetizing, and Moshe Grunhut and Aviram Chen, individually (collectively herein "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by the Plaintiff and all other similarly situated laborers, to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as laborers at Flaum Appetizing owned by Defendants.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at any of the kosher food product locations owned and controlled by Defendants.

3. Plaintiff and the FLSA collective class also bring this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorney's fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

8. Plaintiff is and was at all times relevant hereto an individual residing in Queens County, New York and was employed by Defendants in Kings County, New York.

**Defendants**

9. Defendant Flaum Appetizing Corp. ("Flaum Appetizing") is a corporation engaged in kosher food processing and distribution.

10. According to the Flaum Appetizing website, Flaum Appetizing was established in 1918, and it is "now run by a fifth-generation family member." The product line of Flaum Appetizing includes spreads, pickles, herring and other kosher food products.

11. Moshe Grunhut ("Grunhut") has owned and maintained control, oversight and the direction of Flaum Appetizing.

12. Defendant Grunhut is the Chief Executive Officer and registered corporate agent of Flaum Appetizing.

13. Defendant Grunhut is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Flaum Appetizing. Along with the other Defendants, Moshe Grunhut exercised sufficient control over Flaum Appetizing to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Flaum Appetizing.

14. Defendant Chen is a managerial employee of Flaum Appetizing.

15. As a manager, Defendant Chen has maintained control, oversight and the direction of Flaum Appetizing.

16. Defendant Chen is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Flaum Appetizing. Along with the other Defendants, Aviram Chen exercised sufficient control over Flaum Appetizing to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Flaum Appetizing.

17. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

18. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

19. Defendant Flaum Appetizing is a domestic business corporation with several locations throughout Brooklyn, NY, including locations at 288 Scholes Street and 40 Lee Avenue.

20. Upon information and belief, Flaum Appetizing's principal place of business is located at 288 Scholes Street, Brooklyn, NY 11206.

21. At all times relevant to this action, Defendant Flaum Appetizing was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22. Defendant Flaum Appetizing has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**COLLECTIVE ACTION ALLEGATIONS**

23. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly persons who are current and former employees of Flaum

Appetizing since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

24. On information and belief the FLSA Collective consists of approximately twenty (20) similarly situated current employees at Flaum Appetizing who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

25. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

26. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

27. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

28. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

29. The position of laborer is not exempt and has never been exempt.

30. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

31. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

32. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Prior Wage and Hour Lawsuit Against Flaum Appetizing**

33. Flaum Appetizing has been subject of at least one previous labor violation suit for wage and hour violations under the FLSA and NYLL.

34. In *Romero et. al v, Flaum Appetizing Corp. et al.,* 07-CV-07222 (BSJ) (JCF), current and former Flaum Appetizing employees sued Flaum Appetizing and Moshe Grunhut for wage and hour violations. The case was brought in the Southern District of New York.

35. The Honorable Barbara S. Jones confirmed the parties' Stipulation of Dismissal on May 18, 2012.

**Plaintiff Perechu's Employment at Flaum Appetizing**

36. From approximately August 2008 through his termination, Plaintiff was employed as a laborer on behalf of Defendants.

37. Throughout Plaintiff's employment with Defendants, Plaintiff worked at the Flaum Appetizing location at 288 Scholes Street, Brooklyn, NY 11206.

38. Plaintiff's responsibilities at Flaum Appetizing included driving the company's trucks and loading and unloading merchandise.

39. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

40. Throughout his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid any overtime.

41. Throughout Plaintiff's employment, Defendants required Plaintiff to "clock in" using a time tracking device.

42. However, when Plaintiff left work, Defendants did not require Plaintiff to "clock out" using the same system or any alternative system.

43. Throughout Plaintiff's employment, Defendants paid Plaintiff weekly, each Thursday.

44. Defendants always paid Plaintiff by check.

7

45. When Defendants paid Plaintiff, they do not provide Plaintiff with a notation of the actual hours he worked.

46. Each check paid to Plaintiff indicated that Plaintiff worked exactly 40 (forty) hours in that week, even though Plaintiff always worked over 40 hours per week.

47. Nor did Defendants provide Plaintiff with any documentation as to his hourly rate of pay.

48. Throughout Plaintiff's employment with Defendants, he did not receive meal breaks.

49. In September 2017, Plaintiff suffered a work-related injury and required hernia surgery.

50. Plaintiff requested time off for the surgery. Defendants denied Plaintiff's request and subsequently terminated Plaintiff's employment following his surgery.

**Plaintiff Perechu's Work Schedule and Salary at Flaum Appetizing**

51. Throughout Plaintiff's employment with Defendants Plaintiff worked five (5) days a week, Sunday through Thursday.

52. Throughout Plaintiff's employment Plaintiff was required to work from approximately 6:00 a.m. to 5:00 p.m.

53. Plaintiff was occasionally required to work past 5:00 p.m.

54. In the summer months, Plaintiff's work schedule required him to work more hours.

55. Specifically, throughout Plaintiff's employment with Defendants, Plaintiff was required to travel during June, July and August to Monticello, New York to stock and make sales at seasonal stores for Flaum Appetizing clients in upstate New York.

56. Monticello is located in Sullivan County, approximately a two-hour drive from Flaum's Brooklyn location.

57. In addition to the additional commute to Monticello, Plaintiff was routinely required to work additional hours.

58. Throughout Plaintiff's employment with Defendants, even though Plaintiff worked more than 40 hours each week, Plaintiff was not paid any overtime.

59. Rather, Plaintiff was only paid for the first 40 hours he worked each week.

60. During the first seven years his employment, from approximately 2008 through 2014, Plaintiff was paid approximately $650.00 per week.

61. From approximately 2014 through 2016, Plaintiff was paid approximately 750.00 per week.

62. In 2017, Plaintiff was paid approximately $873.20 per week.

**Defendants' Violations of the Wage Theft Prevention Act**

63. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

64. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

65. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

66. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

68. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

69. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

70. Defendants' decision not to pay overtime was willful.

71. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Unpaid Overtime Wages Under New York Labor Law**
**(Brought on behalf of Plaintiff )**

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all times relevant to the action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR § 142-2.2.

74. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

75. Defendants' failure to pay required overtime was willful.

76. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorney's fees and the costs of the action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on behalf of Plaintiff )**

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any

"doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

79. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

80. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiff )**

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

83. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

84. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Flaum Appetizing Corp. d/b/a Flaum Appetizing, Moshe Grunhut and Aviram Chen, jointly and severally, as follows:

(a) Designation of the action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorney's fees, and the cost of the action;

(c) Damages for unpaid overtime due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorney's fees, and the cost of the action;

(d) Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e) Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(f) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

(g) For prejudgment and post judgment interest on the foregoing amounts;

(h) For costs and disbursements of the action, including attorney's fees; and

(i) For such other further and different relief as the Court deems just and proper.

Dated: February 20, 2018
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer (JA: 9184)
225 Broadway, 3rd Floor
New York, NY 10007
Telephone: (212) 323-6980
Facsimile: (212) 233-9238
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*